**David Lewis HOSKINS, petitioner, Appellant,**

**v.**

**STATE of Minnesota, Respondent.**

**No. 82–508.**

Supreme Court of Minnesota.

Jan. 14, 1983.

Cullen Law Firm, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Roger S. Van Heel, Stearns County Atty., St. Cloud, for respondent.

AMDAHL, Chief Justice.

This is an appeal by David Lewis Hoskins, age 45, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In 1967 petitioner shot and killed his wife with a rifle while she was sleeping, and

then set fire to the house. The fire killed his four children, ages 6, 5, 1½ and 6 weeks. A Stearns County grand jury issued two indictments charging defendant with a total of five counts of first-degree murder. After a change of venue, petitioner was tried in Ramsey County District Court and found guilty of second-degree murder in the killing of his wife and four counts of third-degree murder in the killing of his children. The trial court sentenced petitioner to 40 years for the second-degree murder conviction and to 25 years for each conviction of third-degree murder. He ordered all sentences to run concurrently. Petitioner's convictions were affirmed in *State v. Hoskins,* 292 Minn. 111, 193 N.W.2d 802 (1972).

In 1976, after the Matrix parole-release system was adopted, the Corrections Board informed petitioner that he would have to serve a total of 204 months in prison from the date of his original incarceration. This was based on a rule adopted by the board which used the Matrix time for murder in the second degree and added 3 extra years for each of the four third-degree murder convictions. Using this rule, the board computed petitioner's sentence at 230 months, but then reduced the time to 204 months because of petitioner's excellent prison record. Given credit for time spent in jail and for fulfilling his Mutual Agreement Program contract, petitioner's 204 months was reduced even more, so that now his target release date is April 4, 1983.

If the Sentencing Guidelines had been in effect at the time of the offenses, petitioner's criminal history score would have been zero at the time of sentencing. Murder in the second-degree is a severity level X offense, and murder in the third degree is a severity level IX offense. The presumptive sentence for a severity level X offense by a person with a zero criminal history score is 116 (111–121) months in prison, and the presumptive sentence for a severity level IX offense is 97 (94–100) months in prison. Consecutive sentencing is permitted when an offender is convicted of multiple current felony convictions for crimes against different persons when the sentence for the most severe current conviction is executed according to the Sentencing Guidelines. Minnesota Sentencing Guidelines and Commentary, (1982). Thus, if the Sentencing Guidelines had been in effect, petitioner could have been sentenced to a total term of 521 months in prison without departing (121 + 100 + 100 + 100 + 100). Minn.Stat. § 609.15 (1980) provides that if the trial court sentences a defendant consecutively "the total of the terms of imprisonment imposed, other than a term of imprisonment for life, shall not exceed 40 years." Given the statute, the maximum Sentencing Guidelines sentence that could have been imposed would have been 480 months.

The postconviction court concluded that there was no need to decide whether petitioner's early release would present a danger to the public or be incompatible with the welfare of society because the court was not going to resentence petitioner. The court indicated that it was not going to resentence petitioner because if it were to do so, it would sentence petitioner to the statutory maximum of 480 months, which is what petitioner was sentenced to originally.

Under the circumstances, we believe that the postconviction court was free to deny the petition without making any finding whether petitioner's early release would present a danger to the public safety or be incompatible with the welfare of society.

There is no merit to petitioner's contention that the Corrections Board acted arbitrarily and capriciously in taking into account all of petitioner's convictions in assigning him his release date.

Affirmed.